———————

(Common Pleas Court, Hamilton County.)
ALTEMEIER v. CINCINNATI STREET RAILWAY COMPANY.

———

*Contributory negligence—"Passenger" defined—"Highest degree of care," is the care possible under the circumstances—"Accident" defined—Burden of proof—Measure of duty of children to use care—In fixing damages, the pecuniary injury of each beneficiary is to be considered, and whether one of them has been guilty of contributory negligence—*

CHARGE TO JURY—Smith, Jr., J.:

Gentlemen of the Jury: The plaintiff, Herman Altemeier, administrator of the estate of Albert Altemeier, deceased, complains of the Cincinnati Street Railway Company, a corporation under the laws of the state of Ohio, in this, that the defendant company, on the 1st day of November, 1893, caused the death of said Albert Altemeier, alleged to be a minor between twelve and thirteen years of age, by the negligence of said company and of its servants in the operation of its cars at a crossing in Avondale, in this county. It is also alleged, that Albert Altemeier, deceased, was a passenger upon the car of defendant company, and left surviving him his father, Herman Altemeier, his mother, Wilhelmina Altemeier, William Altemeier, Edward Altemeier, Joseph Altemeier, brothers, and Katie Altemeier, a sister, next of kin, and that by reason of the death, that these, his parents and brothers and sisters, were damaged in the sum of $10,000 dollars. The claim is, then, that the defendant company, by its negligence, caused the death of Albert Altemeier.

To this petition the defendant files an answer, amounting to a general denial of the allegations in said petition. As I have before told you, negligence has been defined to be the omission to do something which a reasonable man, guided upon those considerations which ordinarily regulate the conduct of human affairs, would do; or the doing something which a prudent and reasonable man would not do. In other words, it is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or the doing what such a person under the existing circumstances would not have done; and contributory negligence is such negligence as the evidence may show the injured party himself was guilty of, which directly contributed to his injury. It is, therefore, necessary for you to determine in this case by whose fault or negligence the accident happened.

It is claimed that deceased was a passenger upon said defendant's car. A passenger is one who has taken a place on a public conveyance for the purpose of being transported from one place to another. Anyone may become a passenger by applying for transportation to a carrier of passengers. The relation of carrier and passenger can be created by the exhibition of a bona fide intention on the part of a passenger. It is, therefore, for you to say from the evidence in this case whether or not the deceased was a passenger, whether or not his conduct and that of the railway company shows him to have been a passenger.

If the jury believe from the evidence that the deceased was a passenger upon the car of the defendant, then it was the duty of the defendant, with a view to secure the safety of its passengers to exercise the highest degree of care towards said deceased as distinguished from ordinary care (and by the term "highest degree of care" the court means all the care and diligence possible in the nature of the case;) and if while a

passenger, if you find deceased to have been such, and without any fault on his part, the said deceased was injured, and said company did not exercise the highest degree of care towards said deceased, then said plaintiff is entitled to recover.

But if you find from the evidence that said deceased, although a passenger at the time of the injury, was guilty of contributory negligence which was the approximate cause of the injury, then I charge you that plaintiff can not recover, although said defendant did not exercise the highest degree of care towards the deceased.

If, however, you find from the evidence that deceased was not a passenger when injured and if deceased undertook to cross the street at this crossing, if there was a crossing there, then the defendant company is charged with the duty of exercising, in the operation of its cars and in the management of the same, only ordinary care—such care as men of ordinary prudence are accustomed to exercise under such circumstances.

The use of the streets for railways is allowed only because it is considered not to be a substantial interference with their free and unobstructed use as highways for passage. So long, therefore, as there is no un reasonable interference with the public right of passage, railways in streets are lawful structures. The care that one may give may be but ordinary, and yet the circumstances may require that greater or less personal attention may be given to the subject in hand. That is, one may be about a thing which may require but little attention; he may be safe, and others with whom he may come in contact may be safe, by the exercise of but little personal attention to the thing done. He may, on the other hand, be at something else that may reasonably and prudently require much greater attention, having greater danger connected with it and yet they would in both cases be but the exercise of ordinary care. In determining whether the defendant was negligent, and also whether such negligence caused the injury and death of Albert Altemeier, you should consider all matters bearing upon the subject which the court has permitted to be given to you in the testimony. You should consider the speed of the car, the north bound car and the south bound car, at or near the crossing, the character of the travel upon the crossing at that place and time, as to whether the gong was sounded or not, and such matters as have been brought out before you in the evidence.

But before you can find negligence in either of these matters referred to, which is pertinent to the issue before you, you must determine that such omission of duty, if it was omitted, was the cause of the injury in controversy. Although you may be of opinion that the car may have run swiftly, and that it was negligent to so run it, yet, before that becomes a factor in this controversy, you must satisfy your mind also, that by that act, injury was caused to the deceased,

otherwise it would have no pertinency whatever to the issue; and the same may be said with regard to such other acts or omissions as above mentioned. Considering all these matters, and considering them separately or in conjunction, as you may find from the proof they did occur or did not occur, you should say from them all whether there was a want of ordinary care in the operation of the car which directly caused the injury to Albert Altemeier. If you are satisfied by a preponderance of the proof that there was such negligence, and that the death was caused by reason of such negligence, and without the contributing fault of the boy, then your verdict in that respect should be for plaintiff.

The burden is on the defendant to have satisfied you of the contributing negligence of the boy, unless the plaintiff, in producing the various testimony on his behalf, has offered testimony which, in your judgment, tended to show negligence upon the part of the boy. If he did, if there is such testimony tending to show negligence causing the death of the boy as given in the testimony by plaintiff, then the burden is upon plaintiff to first acquit his cause and overcome by other proof such evidence tending to show negligence upon the part of the boy.

If the place of the accident was a crossing used as such by the public and recognized as such by the company, it was the duty of the company to keep in mind the right of pedestrians on that crossing, and its duty to observe the rights of its own patrons who were under a necessity of using that crossing in going from its cars to their destination.

In the application of the doctrine of contributory negligence to children in actions by them or in their behalf for injuries occasioned by the negligence of others, their conduct should not be judged by the same rule which governs that of adults; and while it is their duty to exercise ordinary care to avoid the injuries of which they complain, ordinary care for them is that degree of care which children of the same age. ordinary care and prudence are accustomed to exercise under similar circumstances.

It is a reasonable and necessary rule that a higher degree of care should be exercised toward a child incapable of using discretion commensurate with the perils of the situation than one of mature age and capacity. Children wherever they go must be expected to act upon childish instincts and impulses.

In determining the question of care or negligence on the part of the Altemeier boy, it is the duty of the jury to consider his age as you may find it from the proof, (the father, I believe, testified he was between twelve and thirteen years of age;) to consider what prudence and care a boy of ordinary prudence ought reasonably to have exercised and would be accustomed to exercise under the circumstances of like age. Your are not to judge him, then, with that rule as to prudence that you would if he were much younger or if he were a man,

but use your experience in life and adjudge the boy's conduct according as boys' of that age of ordinary prudence ought and reasonably would act under all the circumstances in proof.

An accident, gentlemen of the jury, is where neither person is at fault. If you should find neither to be to blame, and that it was one of those occurrences which human fore-sight in the exercise of ordinary prudence would not have discovered and avoided, then there can be no recovery.

If you find in favor of the defendant, that is, if you fail to find by a preponderance of the proof that the boy was killed by reason of the negligence directly contributing thereto by the railroad company, or if you find that the boy contributed to his own death by his own carelessness, then there can be no recovery.

If you find in favor of the defendant, your verdict will be simply for the defendant.

If you find in favor of the plaintiff, then it becomes your duty to assess the amount of recovery.

The plaintiff claims damages in the sum of $10,000. That is the limit which the statute permits in any such recovery. But, gentlemen of the jury, if you find in favor of the plaintiff, you are to assess what the damage appears ot be from the proof before you. The proof sets forth the respective brothers and sisters and the father and mother, giving the ages of a part if not all of them

In arriving at the total amount of damages to be awarded under the statute, the jury should consider the pecuniary injury to each separate beneficiary (not found guilty of contributory negligence,) but return a verdict for a gross sum.

As to any beneficiaries whom you may find guilty of contributory negligence, no damage should be awarded on their account, and the jury should find in its verdict which, if any, of the beneficiaries were guilty of such contributory negligence. The sole right of recovery is pecuniary. There is no compensation to be permitted to enter into the verdict for the bereavement of the next of kin or of the parents ;nor for the loss of society of such person, nor for the pain and suffering, either of them, in their grief for, or of him who was killed. But it is your duty to consider what reasonably and probably would be the pecuniary benefit, if any, to the father and mother, the brothers and sisters, or next of kin in the event he had lived, except such as you may find guilty of contributory negligence. It is your duty then to consider the prospects of the boy. There is no specific testimony on this, and it would not be permitted to offer any proof to undertake to say to you in dollars and cents what that damage would be. The law leaves it to the just judgment of the jury to be swayed by no other considerations than that of undertaking to make up a just estimate that you may place upon pecuniary advantage, the advantage in money, that it would have been to this family had this boy not been killed by this car.

Gentlemen, takes the case.

[The jury found for the plaintiff in the above case, and assessed his damages at $4,000.]